# IN THE UNITED STATES DISTRICT COURT
## FOR THE
# EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **Erik B. Cherdak**<br>149 Thurgood Street<br>Gaithersburg, Maryland 20878<br><br>*Plaintiff,*<br><br>*v.*<br><br>**JC PENNEY COMPANY, INC.**<br>6501 Legacy Drive<br>Plano, Texas 75025-3698<br><br>*Defendant.* | Case No. 1:11-cv-302-LO-TCB<br><br>PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff Erik B. Cherdak (hereinafter "Plaintiff" or "Cherdak"), by and through undersigned counsel, submits this Complaint against Defendant JC PENNEY COMPANY, INC., and states as follows:

## THE PARTIES

1. Plaintiff is an individual who resides in Gaithersburg, Maryland at the address listed in the caption of this First Amended Complaint.

2. On information and belief, Defendant JC PENNEY COMPANY, INC. is a Delaware corporation having a principal place of business as specified in the caption of this First Amended Complaint.

## JURISDICTION AND VENUE

3. This is an action for Patent Infringement under the Laws of the United States of America, specifically section 1 of Title 35 of the United States Code (Patents – 35 USC § 1, *et seq*. (The "U.S. Patent Act")). Accordingly, <u>Jurisdiction</u> and <u>Venue</u> are properly based under sections 1338(a), 1391(b) and (c), and/or 1400(b) of Title 28 of the United States Code.

4. Defendant sells infringing lighted shoes through its own retail stores including those retail stores located in this judicial district and is therefore subject to this Court's jurisdiction. On information and belief, Defendant JC PENNEY owns and operates many retail stores like and/or similar to a store located at FAIR OAKS MALL, 11801 Fair Oaks Mall, in Fairfax, Virginia, USA. Additionally, Defendant JC PENNEY operates a retail website at www.jcpenney.com that Defendant has made accessible to citizens of the Commonwealth of Virginia, 24 hours per day, 7 days per week, and 365 days per year.

## FACTS

5. On July 6, 1993, Plaintiff filed a patent application entitled "Athletic Shoe with Timing Device" that resulted in the issuance of U.S. Patent No. 5,343,445 on August 30, 1994 (hereinafter the "Cherdak patent" or the "'445 patent"). The Cherdak patent is directed, *inter alia*, to lighted shoes like those sold by Defendant. The Cherdak patent has successfully gone through additional expert review before the USPTO during reexamination proceedings related to the same (USPTO Reexamination Proceeding

Control No. 90/008,269). Those reexamination proceedings resulted, *inter alia*, in the confirmation of many claims without amendment. These claims form the basis of the instant lawsuit. Copies of the Cherdak patent and its corresponding reexamination certificate have already been provided to Defendant and Plaintiff's Counsel and Defendant's Counsel have discussed the same.

6. The Defendant has in the past used, imported, distributed, sold, and offered for sale, and continues to use, import, distribute, sell, and offer for sale, infringing shoes such as those bearing the ARIZONA™ brand trademark. Infringing shoes sold by Defendant as late as July 19, 2011, include, **but are not limited to**, the ARIZONA™ branded lighted JENNY™ and LIL JENNY™ shoe products. On information and belief, ARIZONA™ is a store-brand belonging to Defendant JC PENNEY. These shoes are shown below:

  

    THE LIL JENNY™ SHOE       THE JENNY™ SHOE

7. According to Defendant's website materials, the JENNY™ and LIL JENNY™ shoes that Defendant sells, "lights with her every step." *See* **EXHIBITS 1 and 2**.

3

8. The particular shoe models identified in paragraph number 6, *supra,* may not constitute a full and complete identification of all infringing shoes which are contemplated by this First Amended Complaint for Patent Infringement. – ***Due discovery in this case will reveal all infringing shoes used, made, imported, offered for sale, and/or sold by the Defendant individually and/or collectively with other parties.***

9. **DEFENDANT JC PENNEY IS HEREBY ADVISED THAT THE PLAINTIFF, THE INSTANT LAWSUIT, AND THIS COMPLAINT DO NOT SEEK REMEDIES IN CONNECTION WITH ANY ACTS OF PATENT INFRINGEMENT BY DEFENDANT RELATED TO LIGHTED SHOE PRODUCTS WHICH ARE MANUFACTURED BY AND/OR WHICH ARE SOURCED TO (SUPPLIED TO) DEFEDANT FROM ANY OF THE FOLLOWING PARTIES:**

COLLECTIVE BRANDS, INC. (/dba/ PAYLESS, INC.)
BBC INTERNATIONAL, INC.
STRIDE-RITE CORPORATION
ESO ORIGINALS, INC.
VIDA SHOES INTERNATIONAL, INC.
CHAMELEON, INC.
SKECHERS USA INC.
TARGET STORES, INC. (A.K.A. TARGET BRANDS, INC.)
THE WALT DISNEY COMPANY
ELAN-POLO, INC.
PUMA NORTH AMERICA, INC.
DINOSOLES (A.K.A. SCULPTED FOOTWEAR)
GEOX S.p.A.
ACI INTERNATIONAL, INC.

## COUNT I – PATENT INFRINGEMENT

Paragraphs 1 through 8 are hereby incorporated by reference as though completely set forth herein.

4

10. Given the validity and corresponding enforceability of the Cherdak patent against past, present, and future infringing acts and other activities prohibited under the U.S. Patent Act (35 USC § 1, *et seq*.), Plaintiff Cherdak, *inter alia*, possesses the right to pursue claims in connection with the Defendant's past, present, and future design, use, manufacture, importation, sale, offer for sale, and distribution of infringing shoes under 35 USC § 271(a), (b), and (c).

11. On information and belief, Defendant has infringed, contributed to the infringement of, and/or induced the infringement of the Cherdak patent in violation of 35 USC § 271(a), (b), and (c) by its design, use, manufacture, importation, distribution, sale, and offer for sale of shoes including, **but not limited to**, the shoes identified in paragraph 6, *supra*.

12. On information and belief, Defendant has infringed the Cherdak patent in violation of 35 USC § 271(b) by actively inducing distributors, customers, and/or other retailers to infringe the Cherdak patent.

13. Claim 22 of the '445 patent reads as follows:

> 22. In an athletic shoe having an upper member secured to a sole member, the sole member having a heel portion with a cavity in which circuitry is housed, apparatus for indicating the time that the athletic shoe is off the ground and in the air during a jump by a person wearing the athletic shoe, said apparatus comprising:
>     a pressure responsive switch producing a signal when said athletic shoe is off the ground and in the air, said switch being disposed in the sole member of said athletic shoe;
>     a plurality of light emitting diodes (LEDs) disposed on the athletic shoe, said plurality of light emitting diodes (LEDs) emitting light during the period of time when the athletic shoe is off the ground and in the air during said jump to provide a visual indication of the amount of time that the athletic shoe is off the ground and in the air;
>     a controller disposed in the sole member of the athletic shoe and connected to said switch and to said plurality of light emitting diodes (LEDs), wherein said controller is responsive to said signal to cause said plurality of light emitting diodes (LEDs) to emit said light during said period of time that said athletic shoe is off the ground and in the air; and
>     a power source connected to said switch, to said plurality of light emitting diodes (LEDs) and to said controller, said power source disposed in the sole member of said athletic shoe.

14. The patentability of Claim 22 of the '445 patent was confirmed during reexamination proceedings without amendment thereto.

15. A reading of Claim 22 of the '445 immediately reveals that the infringing shoes mentioned in this, Plaintiff's First Amended Complaint, infringe at least that claim of the Cherdak Patent literally or under the Doctrine of Equivalents. In fact, each shoe product mentioned herein includes an upper member secured to a sole member. Housed within a cavity of the sole member is a lighting module including electronic circuitry. The lighting module includes a plurality of light emitting diodes (LEDs), a controller in the form of an integrated circuit, a pressure responsive switch for triggering operation of the controller, and illumination of the LEDs. Powering the lighting module is a set of battery-type power sources connected in the module to the switch, the LEDs, the controller, and the pressure responsive switch.

16. As noted by Defendant in **EXHIBITS 1 and 2**, the LEDs illuminate with a person's "every step" which, naturally, would occur during the time that such shoes are off the ground and in the air such as during a step performed during a jumping or running movement. LED blinks, like sands of an hourglass, ticks of a clock, or the sweep of a second-hand on a wristwatch, indicate the passage of time. The greater the number of LED blinks occurring during, for example, a jump, the longer the period of time that particular jump lasted. Accordingly, the LED blinks provide a visual indication of the passage of time occurring during an activity like (or

similar to) a jump, including, but not limited to, a running sequence involving a series of jumps.

17. The shoes mentioned herein are sold as intended for use by girls who certainly can use such shoes during jumping routines and during other athletic activities in which girls engage (e.g., running, jump roping, etc.).

18. Such infringing acts on the part of Defendant including, but not limited to, the unauthorized use, manufacture, and/or sale of at least the shoe products mentioned herein have and continue to injure and damage Plaintiff. Accordingly, without the grant of adequate remedies at law and in equity, Defendant will be permitted to willfully infringe the Cherdak patent to Plaintiff's further detriment.

## PRAYER FOR RELIEF

*WHEREFORE*, Plaintiff Cherdak prays for judgment and relief against the Defendant as follows:

A. That permanent injunctions be issued against continued infringement of the '445 patent by Defendant and its parents, subsidiaries, officers, directors, employees, affiliates, representatives, agents, and all those acting in concert with or through Defendant, directly or indirectly, including, but not limited to, distributors, customers, and other retailers;

B. That an accounting be had for damages caused to Plaintiff Cherdak by Defendant's acts in violation of the U.S. Patent Act (35 USC § 1, *et seq*.) together with pre-judgment and post-judgment interest;

C. That damages be awarded in accordance with the U.S. Patent Act, 35 USC § 1, *et seq*.;

D.        That any damages awarded in accordance with any prayer for relief be enhanced and, in particular, trebled in accordance with the U.S. Patent Act (35 USC § 1, *et seq*.) for Defendant's acts which are found to be willful acts of patent infringement; and

E.        Such other and further relief as this Court shall deem just and proper.

## DEMAND FOR TRIAL BY JURY

The Plaintiff hereby demands a TRIAL BY JURY on all issues so trialable.

Respectfully submitted,

    /S/ Daniel S. Ward
Daniel S. Ward VSB 45978
Ward & Ward PLLC
2020 N Street, NW
Washington, DC 20036
(202) 331-8160
FAX (202) 503-1455
EMAIL dan@wardlawdc.com
ATTORNEY FOR PLAINTIFF
ERIK B. CHERDAK

July 22, 2011